# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

### FT. MYERS DIVISION

|  |  |
|---|---|
| MERCOLA.COM HEALTH RESOURCES, LLC, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR FALSE ADVERTISING, UNFAIR AND DECEPTIVE BUSINESS PRACTICES, AND TRADE LIBEL** |
| v. | |
| DOGS NATURALLY MAGAZINE INC., DANA SCOTT, | **Jury Trial Demanded** |
| Defendants. | |

## COMPLAINT

Plaintiff Mercola.com Health Resources, LLC ("Mercola" or "plaintiff") by its attorneys, alleges:

## NATURE OF THIS ACTION

1.      This is a civil action for, among other things, injunctive relief and damages in excess of $75,000, exclusive of interest and costs.  Plaintiff brings this action against Dogs Naturally Magazine Inc. ("Dogs Naturally") and Dogs Naturally's Chief Executive Officer Dana Scott ("Scott") under the Lanham Act for false advertising, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) for deceptive and unfair trade business practices, for trade libel, and for declaratory relief.

2.      This case involves deceptive and unfair business practices, and false and defamatory statements by Dogs Naturally and Scott directed at plaintiff.

1

## INTRODUCTION

3.      Pet owners go to great lengths to care for their furry friends.  Almost 85 million households have a pet, and over the last 30 years, pet ownership has gone from 56% to 68% of all households.[1]  With the growth of pets in the United States, so too has the market for various pet products, and indeed, pet owners are spending ever-increasing amounts on their pets' health.  In response to this growth, many products and services have entered the market for pets as they age and pass away, including palliative services for terminally ill pets, pet cemeteries and cremation, and grief consulting.

4.      Despite improvements in the science surrounding pet care, cats and dogs continue to contract and suffer from cancer at a significant rate.  However, some unscrupulous companies have taken advantage of pet owners' fear of losing their pets and willingness to pay for products promising to improve their pets' quality of life and life span.  Defendants Dana Scott and her company Dogs Naturally Magazine Inc. epitomize this phenomenon, and take advantage of consumers seeking to prevent cancer in their cats and dogs, prolong their pets' lives, and alleviate their pets' pain as they age.  In doing so, defendants violate federal and state law, and harm consumers and competitors alike.  Defendants' actions as described herein violated and continue to violate federal and state law, and have damaged Mercola in an amount to be proven at trial.

## THE PARTIES

### Plaintiff Mercola.com Health Resources, LLC

5.      Plaintiff Mercola.com Health Resources, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at Cape Coral, Florida.  Mercola is world-class company that manufactures and sells various types of health products, including vitamins and supplements.

6.      Mercola has been in business for 17 years.

---

[1]      Kestenbaum, R., "The Biggest Trends In The Pet Industry," Forbes Magazine (Nov. 27, 2018), available at https://www.forbes.com/sites/richardkestenbaum/2018/11/27/the-biggest-trends-in-the-pet-industry/#5c435a49f099.

7.      Mercola is accredited by the Better Business Bureau, and holds an A+ rating by the Better Business Bureau.

8.      Plaintiff Mercola is headquartered in Cape Coral, Florida.   Mercola employs approximately 90 people in Florida.

## Defendants

9.      Defendant Dogs Naturally Magazine Inc. is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada.

10.      Defendant Dogs Naturally Magazine Inc. sells nutrition supplements in the United States and Canada.  Dogs Naturally Magazine sold and continues to sell Dogs Naturally Immunity Medicinal Mushroom Blend.  Dogs Naturally's Immunity Medicinal Mushroom Blend is marketed as a product that prevents and cures cancer, cures tumors, reverses diabetes in dogs and cats, and prolongs dogs' and cats' lives.

11.      Defendant Dana Scott is an individual that, upon information and belief, resides in Beeton, Ontario, Canada.  Ms. Scott is the Director Chief Executive Officer of Dogs Naturally Magazine Inc. Scott operates several websites including https://www.dogsnaturallymagazine.com/ and https://market.dogsnaturallymagazine.com/.

12.      Scott and Dogs Naturally intentionally posted and continue to post false, misleading, deceptive, and harmful information on this website, in a deliberate effort to vilify Dogs Naturally's competitors (including Mercola specifically), discourage Mercola's potential and existing customers from engaging in business with Mercola or purchasing products from Mercola, and encourage customers to engage in business with Dogs Naturally and purchase Dogs Naturally's products instead.  For example, defendants publish Dogs Naturally Magazine, which defendants hold out to consumers as an objective, unbiased newsletter when, in reality, the Dogs Naturally Magazine is instead advertising intended to drive consumers to purchase defendants' products.  Further, defendants make patently false statements about the performance of Dogs Naturally's Medicinal Mushroom products, including that its product can cure cancer and reduce

tumors.  And, Dogs Naturally makes claims about its pet products that render the Medicinal Mushroom product an unlawful and misbranded unapproved new animal drug.

13.     At all times material to this Complaint, acting alone or in concert with others, Dana Scott has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Dogs Naturally, including the acts and practices set forth in this Complaint.  Based upon information and belief, defendants Dogs Naturally and Dana Scott, in connection with the matters alleged herein, transact or have transacted business in this District and throughout the United States.

## JURISDICTION AND VENUE

14.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

15.     The Court has jurisdiction to declare the rights and legal relations of the parties and to order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     The Court is authorized to issue injunctive relief pursuant to Fed. R. Civ. P. 65.

17.     This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367(a).

18.     This Court has personal jurisdiction over Dogs Naturally because it has substantial contacts with and transacts substantial and continuous business in the State of Florida.   The following is a non-exhaustive list of factors subjecting defendant Dogs Naturally to the personal jurisdiction of this Court:

a.     Purposefully availed itself of selling products within this District;

b.     Committing a tortious act by publishing false and defamatory statements on a website that was and is both accessible in this District and accessed in this District;

c.     Committing a tortuous act by publishing false and defamatory statements while operating, conducting, engaging in, or carrying on a business in the State of Florida;

4

d.     Conducting systematic and continuous business within the State of Florida, for example by publishing regular articles on websites that are accessible to and accessed in this District, broadcasting videos that are broadcast and listened to in this District, posting information on social media that is accessible to and is accessed in this District, and by making its products and services available for purchase in this District; and

e.     Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, and, at or about the time of the injury, defendants were engaged in solicitation or service activities within this state or products, materials, or things processed, serviced, or manufactured by defendants were used or consumed within this state in the ordinary course of commerce, trade, or use.

19.     This Court has personal jurisdiction over Scott because she has:

a.     Purposely availed herself of selling products within this District;

b.     Posted defamatory statements on the internet about a Florida resident, and the statements were accessed in Florida;

c.     Committed fraud and intentional misconduct in this District;

d.     Committed a tortious act within this state and took a personal role in the tortious activities as alleged herein, including by implementing the trade practices that violated the laws alleged herein, and acted as a key spokesman and figurehead for the false, misleading, and deceptive activities alleged herein; and

e.     Engaged in substantial and not isolated activity within this state.

20.     Moreover, Scott is personally liable for the torts she committed.

21.     Personal jurisdiction over Scott and Dogs Naturally also exists because Mercola's members are located in this district, and the injury resulting from Scott and Dogs Naturally's tortious conduct caused injury to plaintiff in this District.

22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within the State of Florida, this judicial district, and this division.

## FACTUAL BACKGROUND

23.     Mercola.com Health Resources, LLC offers for sale various health products for persons and animals, and encourages individuals to adopt a healthy lifestyle.  One such product is Mercola's Organic Mushroom Complex for Pets.  The Mushroom Complex for Pets is made of a proprietary blend of eight mushroom mycelium that helps maintain healthy immune systems in cats and dogs.

24.     Mercola has expended substantial resources to develop, promote, brand, market, sell, and maintain the quality of its Mushroom Complex product.  For example, Mercola expended significant resources in developing the proprietary blend of ingredients in the product.  Further, the product contains high-quality and costly ingredients that are used to deliver the intended benefits.

25.     Mercola markets and promotes Mushroom Complex through various advertising media, including via Mercola's website and third-party websites, and through third-party retailers.

26.     As a result, Mercola's Mushroom Complex product and brand have established substantial and valuable goodwill among customers of cat and dog dietary supplements.

27.     A key element to Mercola's Mushroom Complex product and advertising is that Mushroom complex contains a blend of eight mushrooms and contains high-quality beta-glucans.

28.     Defendants, using the deceptive corporate name Dogs Naturally "Magazine," are not actually an objective "magazine" but rather operate a for-profit company that makes money selling products and services to consumers.  In direct competition with plaintiff, Dogs Naturally Magazine Inc. and Scott also provide commercial health products for pets, including mushroom products.  Relevant here, defendants Dogs Naturally and Scott market and sell the Immunity Medicinal Mushroom Blend.

29.     Defendants' product, Immunity Medicinal Mushroom Blend, directly competes with Mercola's Mushroom Complex product.

30.     Defendants' mushroom product is similar in purpose to Mercola's Mushroom Complex product, and defendants directly compete against Mercola's mushroom product in that both products are marketed as mushroom products intended to support immunity and digestive health.  Although defendants' mushroom product competes against Mercola's product as they are both mushroom products, unlike Mercola, defendants make egregious claims that their Medicinal Mushroom cures cancer, shrinks tumors, prolongs cats' and dogs' lives, and cures diabetes.  By promoting their product for curing cancer and other ailments associated with animals' aging, defendants Scott and Dogs Naturally target vulnerable consumers who are desperate to ease their pets' suffering and prolong their lives.

31.     Defendants market their Immunity Medicinal Mushroom Blend as a dietary supplement.  However, defendants also advertise wide-reaching benefits of the Immunity Medicinal Mushroom Blend, including that the product cures cancer, reduces tumors, and prevents diabetes.  A reasonable consumer, viewing the false and misleading claims on defendants' Immunity Medicinal Mushroom Blend label, website, and advertising, would be misled into thinking that the product cures cancer, shrinks tumors, and cures diabetes in their dogs and cats and that the product constitutes "medicine" that will cure, treat, diagnose, or mitigate these and other diseases in their pets.

32.     However, the difference between the Medicinal Mushroom product defendants expressly and implicitly purport to deliver, and what the product actually delivers, is significant.  Whether defendants' product can cure cancer, shrink tumors, or cure or treat any other disease, directly affects its value to reasonable consumers.  Because of defendants' practices, consumers are misled and deceived about the nature and benefits of defendants' product, and as a result, consumers purchase defendants' product instead of purchasing Mercola's Mushroom Complex.

33.     Worse yet, to promote their own product, defendants make false, misleading, and disparaging statements about Mercola's Mushroom Complex.  For example, using blogs and

newsletters that purport to be objective news sources, defendants advertise their Medicinal Mushroom product as superior to Mercola's product, and make multiple false, misleading, and disparaging statements about Mercola and its product, for example telling consumers that Mercola is "ripping consumers off" because, unlike plaintiff's Medicinal Mushrooms, Mercola's Mushroom Blend cannot cure cancer.  Defendants disseminate further misrepresentations about Mercola's product, stating that it is not made of real mushrooms and that it does not deliver any benefits to consumers' pets.  These statements are false, misleading, and deceptive, and cause consumer confusion.

34.    Defendants' false, misleading, and deceptive statements permeate the internet, as defendants disseminate them through social media such as Twitter and YouTube, and via emails to defendants' customers and potential customers.  Defendants also encourage web users to "share" the misleading statements through social media sites.

35.    Indeed, as a result of defendants' false, misleading, and deceptive statements, plaintiff Mercola has received specific complaints from its customers stating that they are "confused" as a result of defendants' statements and that the customers no longer will purchase Mercola's products as a result of defendants' false and misleading advertisements.

36.    Consequently, defendants' misleading and deceptive practices described herein, proximately harmed and continue to harm Mercola in that it is losing sales and customers, and potential sales of Mercola's Mushroom Complex were diverted to defendants.

## Defendants Operate Dogs Naturally Magazine in a Shrouded Attempt to Promote Defendants' Products and Disparage Its Competitors' Products

37.    Defendant Scott operates and has operated a website called dogsnaturallymagazine.com.  The website appears to be a magazine or newsletter where objective third-party reviewers and experts share their opinions on various issues concerning pets.

38.    Dogs Naturally's blog purports to provide unbiased information to consumers about products and information relevant to pet health.  The blog is located at

https://www.dogsnaturallymagazine.com and appears at first glance to provide objective information about pet nutrition, remedies, vaccinations, health conditions, and life with dogs, and to provide objective investigative reports, and include purported scientific studies and links to purportedly objective websites.

39.     Although the website is styled as an objective "newsletter" or "magazine," in reality defendants use the website for a commercial purpose (directing potential customers to purchase Dogs Naturally's products).

40.     The purpose of Dogs Naturally Magazine is to create an advantage for defendants' products.

41.     Despite having a commercial purpose, the website never discloses this commercial purpose.  This confuses consumers, who mistakenly believe that the opinions and conclusions on Dogs Naturally's website are objective, neutral opinions.  As a result, Dogs Naturally's false and misleading "articles" induce consumers to switch, by making false statements about Dogs Naturally's own goods and Mercola's products under the guise of objective statements.

**<u>Defendants Disseminate False and Disparaging Statements about Mercola's<br>Mushroom Complex Product through an Article on DogsNaturallyMagazine.com</u>**

42.     On or around the end of March 2019, Dogs Naturally and Scott intentionally posted disparaging statements online, in an effort to vilify plaintiff Mercola and Mercola's Mushroom Blend product, discourage Mercola's potential and existing customers from engaging in business with them, and encourage those same customers to engage in business with defendants instead.

43.     Thus, on or around the end of March 2019, Dogs Naturally and Scott published a purportedly objective article, written by Dana Scott, specifically dedicated to disparaging Mercola's Mushroom Complex product, entitled "Are Your Dog's Mushrooms Real Or FAKE? (& How To Tell The Difference."   The website and article are located at https://www.dogsnaturallymagazine.com/the-hidden-secret-behind-your-dogs-mushrooms/?utm_source=ontraport&utm_medium=email&utm_campaign=content&utm_content=hidden-secret-behind-mushrooms.

9

44.     In the article "Are Your Dog's Mushrooms Real Or FAKE?  (& How To Tell The Difference)," defendants Scott and Dogs Naturally disparage Mercola and Mercola's products in violation of the federal Lanham Act and state laws prohibiting false and misleading advertising.

45.     The purportedly objective article is written by Dana Scott, who is "the Founder and CEO of Dogs Naturally Magazine."

46.     Individual defendant Dana Scott is listed as the author in the article's by-line, and an image of defendant Scott appears at the top of the article:



47.     A video of individual defendant Scott is also included in the article.

48.     A biography of Scott follows the article.   Indeed, the article touts Scott as a "sought-after speaker and outspoken advocate for natural health care for dogs and people.  Dana works tirelessly to educate pet owners so they can influence veterinary medicine and change current vaccine, food, and preventive health practices," as demonstrated below:

## Dana Scott

Dana Scott is the Founder and CEO of Dogs Naturally Magazine. She also breeds award winning Labrador Retrievers under the Fallriver prefix. Dana has been a raw feeding, natural rearing breeder since the 90's and is a sought after speaker and outspoken advocate for natural health care for dogs and people. Dana works tirelessly to educate pet owners so they can influence veterinary medicine and change current vaccine, food and preventive health practices. Visit Dana's Labradors at Fallriver Labs



49.     The article is rife with false and misleading statements intended to promote Dogs Naturally and Scott's Medicinal Mushroom product while simultaneously disparaging plaintiff Mercola's Mushroom Complex product.

50.     At base, defendants' article compares "real mushroom products vs. mycelium products," and tells consumers that defendants' product is "real" whereas Mercola's Mushroom Complex product is "fake" and that consumers should not purchase Mercola's Mushroom Complex product.

51.     To that end, in the article, Dogs Naturally and Scott specifically name the Organic Mushroom Complex for Pets:

Here's how one company does it …



11

52.     Although Mercola's name is partially blurred from the image, the picture depicts Mercola's Organic Mushroom Complex for Pets.   For example, the product name, package, product facts, and description.   Indeed, the picture mirrors the Amazon listing for Mercola's Mushroom Complex for Pets:



53.     Defendants' article makes numerous objectively false and misleading statements. For example, the article states that "[n]early all mushrooms sold today are nothing but mycelium and grains…with very little of the beta-glucans your dog needs" and states that there is "a big difference between <u>real mushrooms</u> and mycelium."   This statement is false and misleading because it implies that Mercola's product does not contain mycelium when in reality it does because mushrooms grown on grains (oats) contain mycelium and beta-glucans, and because testing on Mercola's product demonstrates that Mercola's product contains mycelium and beta-glucans.   Further, this statement is false and misleading because it implies that beta-glucans are only found in certain parts of mushrooms when in fact beta-glucans are found in the mushroom fruit body, mycelium, and in extra-cellular compounds.

54.     According to defendants' article, all of the research conducted on mushroom products "wasn't done on mycelium.  It was done on whole mushrooms, or in some cases, a special mycelium grown in liquid that can be drained off, leaving just mycelium.  And the mycelium passed off as mushrooms is definitely not grown in liquid."  These statements are false and misleading because they imply that no research was conducted on the ingredients in plaintiff's product when in reality, significant research has been conducted on the ingredients in plaintiff's product, including mycelium.

55.     The website includes a false, misleading, and deceptive graph comparing "real" mushroom to "mycelium products":



This chart implies that mycelium contains more starch and less beta-glucan, and therefore that mycelium is not in fact a "real mushroom."  However, the samples used for the purported tests are not attributed in this graph or elsewhere in the article.

56.    Moreover, upon information and belief, the reported results are provided by a company that manufactures and supplies mushroom extracts, Nammex, that uses self-generated data to promote its own products.  Accordingly, this graph is false, misleading, and deceptive in and of itself because it implies that an objective third party conducted testing on various mushroom products, when in fact the entity that tested the various products was a third-party supplier who had a material interest in promoting its own mushroom products.  The graph is also false and misleading because it implies that mycelium does not contain beta-glucan, when in reality mycelium does contain beta-glucan.

57.    According to the website, "less mycelium means less beta-glucan," implying that plaintiff's product contains less beta-glucan than others.  This statement is false and misleading because Mercola's Mushroom Complex product contains significantly more beta-glucans than the amounts reflected in the chart.

58.    Defendants admonish consumers that if "[they're] buying mushrooms for [their] dog, chances are [they]'re getting ripped out of [their] money.  Worst of all, [their] dog is missing out on his chance to actually fight cancer and immune disease.  And these companies will try to trick you into thinking you're actually getting mushrooms."  This statement implies that Mercola's Mushroom Complex is not comprised of mushrooms when in reality Mercola's Mushroom Complex is comprised of mushrooms.

59.    The article states that "most mushroom products aren't mushrooms at all" and telling readers that Scott "[is] going to show you how to tell the real mushrooms from the imposters … right now."  These statements are objectively false and misleading because they imply that Mercola's Mushroom Complex is not actually a mushroom product, when Mercola's Mushroom Complex is in fact a mushroom product, which can be validated through objective testing.

60.    The article also falsely distinguishes between "real mushrooms and fake mushrooms," implying that Mercola's product is fake mushrooms.  These statements are objectively false or misleading because they imply that plaintiff's product is not actually comprised of mushrooms, when plaintiff's product is in fact comprised of mushrooms.

14

61.     The article goes on to state that Mercola "calls its product a *mushroom complex* and says it contains a blend of eight mushrooms.  They even say it's a whole food mushroom, which is totally misleading since the whole mushroom isn't even used.  How can you tell?  It's grown on oats, which evidently adds valuable plant beta-glucans.  But those plant beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms … and they don't carry the same cancer-fighting and immune-modulating benefits."  These statements falsely imply that Mercola's product does not actually contain a blend of eight mushrooms and that Mercola's product does not contain the beta-glucans found in mushrooms, when in reality Mercola's product does contain a blend of eight mushrooms and contains the beta-glucans found in mushrooms.

62.     Through the article, defendants falsely tell consumers that they are "being lied to" by Mercola, and disparage Mercola and Mercola's mushroom product as "FAKE," "posers," and "imposters," and "[not] mushrooms at all."  These statements are objectively false and misleading because in reality, Mercola's mushroom products are comprised of real mushrooms.

63.     Defendants Dogs Naturally and Scott thus expressly disparage Mercola and Mercola's product.

64.     Defendants' false, misleading, and deceptive statements permeate the web.  In fact, Scott encourages readers to "share" on social media the article containing false and misleading statements.  As of April 12, 2019, the article had 419 shares on the social media platforms Facebook, Twitter, and Pinterest:



65. Dogs Naturally also disseminates the false statements on social media, including Twitter as demonstrated below:



**Dogs Naturally** @DogsNaturally · Apr 5

#Mushrooms for #dogs ... Are you getting ripped off? 🍄

dogsnaturallymagazine.com/the-hidden-sec... via: @DogsNaturally

**Dogs Naturally** @DogsNaturally · Apr 3

Most #mushroom products aren't even #mushrooms ... 

Mushroom makers are lying to us just to make a quick buck and our #dogs are an easy target. 🔍

Read this so you know how to tell the posers from the real mushrooms! 🍄

dogsnaturallymagazine.com/the-hidden-sec... via: @DogsNaturally





66.     Dogs Naturally also promotes the article on Facebook, such as through the following post, dated April 6:



67.     By disseminating the article in this manner, defendants ensure that their false, misleading, and disparaging statements have significant reach.  In this way, defendants expose numerous consumers to the false statements described herein.  This, in turn, exponentially increases the damage inflicted to plaintiff through defendants' false statements.

## Dogs Naturally Disseminates Further False and Misleading Statements through a YouTube Video

68.     On or around March 29, 2019, Dogs Naturally posted a Twitter message directing consumers to a nine-minute YouTube video, entitled "Mushrooms for Dogs:  You're Getting Ripped Off," available at https://www.youtube.com/watch?v=3VcDHD9x4aE. In the YouTube video, Scott spends nine minutes disparaging Mercola and its Mushroom Complex product, making numerous false, misleading, and deceptive statements about Mercola and Mercola's product, and make false, misleading, and deceptive statements to promote defendants' Medicinal Mushroom Blend product.

69.     Although Scott does not expressly mention Mercola by name in the video, Scott states that the product calls itself a "mushroom complex," tells listeners that the company "say[s] it contains a blend of eight mushrooms," and that the company "even say[s] it's a whole food mushroom."  Mercola's product is called "Organic Mushroom Complex," Mercola's product contains eight species of mushrooms, and Mercola promotes its product as a whole food mushroom.  Thus, Scott's statements on the YouTube video pertain to Mercola.

70.     On the YouTube video, Scott again shows images of Mercola's product package and product facts:



71.    Next, Scott states "*The FDA says that mushroom makers have to tell you if their product is real mushrooms or just mycelium.  But not all mushroom makers follow this rule.  They either don't care or they don't even know that their mushrooms are fake because very few people know this.*"  The video then depicts a picture of Mercola's Mushroom Complex on the video, while stating "[t]*his product here says that there are mushrooms inside; they don't mention mycelium anywhere.  You have to go to their website where you'll see this.*"  The video then depicts and image, and while displaying this image, defendant Scott states "*The label is a lie.  So the old adage 'buyer beware' definitely applies when it comes to mushrooms.*"  The following is the image that is displayed while Scott discusses "this product's" advertising:

## Organic Mushroom Complex for Pets, 60g

★★★★☆ ˅   | 71 reviews from Amazon.com | Be the first to review this item

**Note:** This item is only available from third-party sellers (see all offers).

**Available from these sellers.**

2 new from CDN$ 64.32

- Proprietary Bioactive <u>Blend of 8 Mushrooms</u>: Contains all the major blends of mushroo
- Organic Pet Superfood: Comes with certified <u>whole food mushrooms</u> for maximum nut
- Oats Instead Of Rice: Adding valuable plant beta glucans and enhancing the mycelia's l
- Boosts Pets General Health: Excellent source of fermented foods for digestive and imm
- 100% Money Back Guarantee: if they don't live up to your expectations, we offer a full

The above image reflects the Amazon.com listing for Mercola's Organic Mushroom Complex for Pets. Although the word "Mercola" is blurred, it is clear to consumers that the image relates to Mercola's Mushroom Complex product, and that Scott's corresponding false statements in the video relate to plaintiff Mercola and its Mushroom Complex product.

72. Thus, consumers understand that Scott is expressly referencing Mercola and Mercola's Mushroom Complex product in the video, and that Scott's false, misleading, and disparaging statements relate to plaintiff and plaintiff's product.

73. During the video, Scott makes multiple false and misleading statements. For example, she states that Mercola "*call*[s] *the product a mushroom complex and they say that it contains a blend of eight mushrooms and they even say it's a whole food mushroom which is totally misleading since the whole mushroom isn't even used. How can you tell? It's grown on oats which evidently adds valuable plant beta-glucans but these plant beta-glucans aren't the same type as the special beta–D-glucans found in mushrooms. And they don't carry the same cancer-fighting and immune-modulating benefits.*" These statements are false and misleading because they imply that plaintiff's product does not contain a blend of eight mushrooms or that it

is not a whole food mushroom when in fact plaintiff's product is a whole food mushroom and is comprised of eight mushrooms.

74.     Defendant Scott's statements are further misleading because they imply that mushrooms grown on oats do not contain the same type or amount of beta-glucans as defendants' mushrooms when in fact plaintiff's product does contain the same or more of beta-glucans than contained in defendants' mushrooms.

75.     Moreover, defendant Scott's statements are false because she states that plaintiff's products do not provide immune-modulating benefits, which is false because plaintiff's Mushroom Complex product does, in fact, provide immune-modulating benefits.

76.     While disparaging Mercola, Scott simultaneously promotes Dogs Naturally's mushroom product.  For example, Scott states that "*Your dog doesn't deserve mycelium.  He deserves real mushrooms with all of their cancer-fighting and health-boosting beta-glucan*" then tells consumers to "*check out dogsnaturallymagazine.com if you want to give your dog the very best chance of good health.  And make sure you click the subscribe button somewhere on this page so you can get more videos just like this in the future.*"

77.     Accordingly, although portrayed as an objective video, the YouTube video "Mushrooms for Dogs:  You're Getting Ripped" Off" is in reality an advertisement for defendants' Medicinal Mushroom product.

78.     Despite referencing Mercola only anonymously, Scott clearly references Mercola's Mushroom complex on the YouTube video.

79.     In the video, defendants make the following false claims about Mercola's Mushroom Complex product:

      a.     Falsely stating that the whole mushroom is not used in Mercola's Mushroom Complex;

      b.     Falsely stating that Mercola's mushrooms are fake;

      c.     Falsely stating that Mercola "lies" to consumers;

21

d.     Falsely stating that Mercola engages in "totally misleading" advertising by representing the Mushroom Complex as a blend of eight mushrooms and a whole food mushroom when plaintiff's Mushroom Complex is, in fact, a blend of eight mushrooms;

e.     Implying that Mercola lies to consumers by representing its Mushroom Complex as a blend of eight mushrooms when, in reality, Mercola's product is a blend of eight mushrooms and Mercola does not lie to consumers;

f.     Misleadingly implying that Mercola's Mushroom Complex's beta-glucans are not the same type as the special beta-D-glucans found in mushrooms when in fact plaintiff's product does provide the same type of beta-glucans found in mushrooms; and

g.     Misleadingly implying that Mercola's Mushroom Complex does not contain health-boosting beta-glucans when, in reality, Mercola's Mushroom Complex does contain beta-glucans and health-boosting effects.

80.     Defendants also disseminate the false statements in emails to consumers who are recipients of its newsletter.

81.     Moreover, the false and misleading Dogs Naturally article has been "shared" on social media at least 431 times:



82.     Thus, defendants' false and misleading statements have been disseminated publicly and reached a significant audience.

**<u>Although Styled as Objective Information, the Article and YouTube Video Are in Reality Advertising for Dogs Naturally's Medicinal Mushroom Product</u>**

83.     The article and YouTube video include hyperlinks to Dogs Naturally's e-commerce website where consumers can purchase Dogs Naturally's products.[2]  Indeed, the article specifically directs to the web page promoting Dogs Naturally's Immunity Medical Mushroom Blend.   The following is a screenshot demonstrating the product page for Dogs Naturally's Immunity Medical Mushroom Blend:

---

[2]     For example, the article includes the hyperlink
https://market.dogsnaturallymagazine.com/products/immunity-medicinal-mushroom-
blend?utm_source=dogsnaturally&utm_medium=website&utm_campaign=text-link&utm_content=hidden-secrets-
behind-your-dogs-mushrooms&_ga=2.158800634.1370474820.1554824146-148251033.1554734044 .



84.    Thus, although the article presents itself to consumer as an unbiased, objective source of material about pet health, in reality it is a website owned and operated by Dogs Naturally and Scott, who use it to deceive consumers into visiting the Dogs Naturally Market and purchasing Dogs Naturally's Immunity Medicine Mushroom Blend.

85.    In fact, the article is fake and a shrouded attempt to re-direct customers to Dogs Naturally's products. The sole purpose of dogsnaturallymagazine.com is to promote the defendants' products. Thus, dogsnaturallymagazine.com is designed to entice consumers to click on links that will transfer them to Dogs Naturally's marketplace where consumers can purchase defendants' products.

86.    Similarly, the YouTube video purports to offer an objective review of mushroom products. However, the sole purpose of the YouTube video is to promote defendants' Medicinal Mushroom product and disparage Mercola's product. Thus, defendants' YouTube video is

designed to entice consumers to click on links that will transfer them to Dogs Naturally's marketplace where consumers can purchase defendants' products.

87.     Although the article and YouTube video are actually advertising intended to promote Dogs Naturally's products and direct consumers away from Dogs Naturally's competitors like Mercola, defendants do not disclose this fact anywhere in the article.  In fact, nothing in the article, YouTube video, or social media websites where defendant disseminates the false statements about Mercola informs consumers that the publication and video are in fact advertisements, intended to divert customers away from purchasing plaintiff's Mushroom Complex, and thus mislead consumers into purchasing defendants' products.

88.     Accordingly, defendants have failed to disclose in a clear and conspicuous manner that they are not objectively evaluating Dogs Naturally's product and Mercola's product, and that defendants have a monetary interest in promoting the Medicinal Mushroom product.  Defendants' websites either fail entirely to disclose these facts, or fail to do so adequately.

89.     By doing so, Dog Naturally Magazine purports to offer objective reviews when in reality, the website and social media statements are a stealth operation intended to disparage defendants' competitor's product (Mercola's Mushroom Complex) while posing as a neutral third party.

90.     As a result of defendants' failure to disclose that the article is advertising, readers believe that the information in the article reflects the conclusions of an objective third party.  As such, consumers place more weight on the statements in the article than they would if they knew of the article's actual purpose:  to promote Dogs Naturally's product, disparage Mercola's product, discourage customers from purchasing Mercola's product, and instead encourage consumers to purchase Dogs Naturally's product.  As such, the article omits a material fact to consumers.  The article is false and misleading for this additional reason.

**Defendants Make False and Misleading Statements about Dogs Naturally's Immunity
Blend Medicinal Mushroom Product**

91.     Defendants distribute, market, and sell Immunity Medicinal Mushroom Blend on a
nationwide basis online, including to Florida residents.

92.     Defendants prominently label their product under the name "Immunity Medicinal
Mushroom Blend" for dogs, implying that the product is a "medicine" for dogs.  The following is
a screenshot of defendants' Immunity Medicinal Mushroom Blend product webpage, available at
https://market.dogsnaturallymagazine.com/products/immunity-medicinal-mushroom-
blend?utm_source=dogsnaturally&utm_medium=website&utm_campaign=text-
link&utm_content=hidden-secrets-behind-your-dogs-
mushrooms&_ga=2.170270304.1370474820.1554824146-148251033.1554734044  (last  visited
Apr. 10, 2019):



93.     On the online Immunity Medicinal Mushroom Blend product website, defendants
further claim that the Immunity Medicinal Mushroom Blend "helps slow the growth of cancer
cells."  On the online product page, defendants make further false and misleading claims about the
product on its website, including that:

a.     The product "[h]elps slow the growth of cancer cells";

     b.     The product's ingredients have shown "positive improvements for dogs with hemangiosarcoma," thereby implying that the Medicinal Mushroom product will improve hemangiosarcoma in dogs;

     c.     The product's ingredients are promoted as "stress reliever[s] [that] boost[] immunity and melanin, which can fight against cancer and radiation," thereby implying that the Medicinal Mushroom product relieves dogs' stress and helps dogs fight cancer and radiation;

     d.     The product's ingredients are promoted as "anti-tumor" and "battle diabetes," thereby implying that the product will reduce or alleviate tumors and cure diabetes;

     e.     The product's ingredients "increase[] survival times for cancer patients in clinical trials," and it are "useful not just for cancer, but in any health condition where the immune system is compromised," thereby implying that the Medicinal Mushroom product increases survival times in dogs with cancer;

     f.     The shiitake mushrooms in defendants' product "increase survival times in cancer patients," and contain a compound called lentinan ""which is known for its anti-tumor properties," thereby implying that the Medicinal Mushroom product will increase survival times in dogs with cancer and fight or cure tumors;

     g.     The product's ingredient maitake mushrooms can "fight cancer and fight infection," thereby implying that the Medicinal Mushroom product will fight cancer and infection in dogs; and

     h.     The product's ingredient reishi mushrooms can "directly activate immune cells and they also have cancer-fighting properties," thereby implying that the finished Medicinal Mushroom product will fight cancer in dogs.

94.     Thus, through statements on the Medicinal Mushroom Blend product web page, defendants make false and misleading claims, including that the Medicine Mushroom product

helps slow the growth of cancer cells in dogs, cure dogs' cancer, increase survival times in dogs with cancer, prevent tumors, shrink or cure tumors in dogs, improve hemangiosarcoma, fight infection in dogs, and cure diabetes, when in fact defendants' product does not deliver any of these benefits.

### Medicinal Mushroom Blend is a Misbranded New Drug and Is Not Safe for Dog Consumption

95.     Defendants' advertising described above, including but not limited to the product's name, "Medicinal" Mushroom Blend, and claims that the product can slow the growth of cancer cells," cure dogs' cancer, increase survival times in dogs with cancer, shrink or cure tumors in dogs, cure diabetes, alone and in context with other labeling claims and packaging graphics, show that defendants' product is intended to diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases.

96.     Moreover, defendants' Medicinal Mushroom product constitutes a new animal drug, as defined by section 201(v) of the Food, Drug, & Cosmetic Act ("FD&C Act"), 21 U.S.C. § 321(v), because it is not generally recognized among experts qualified by scientific training and experience to evaluate the safety and effectiveness of animal drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling.

97.     Further, defendants' Medicinal Mushroom product is not the subject of an approved new animal drug application, conditionally approved new animal drug application, or index listing under sections 512, 571, and 572 of the FD&C Act, 21 U.S.C. §§ 360b, 360ccc, and 360ccc-1. Therefore, defendants' Medicinal Mushroom product are unsafe within the meaning of section 512(a) of the FD&C Act, 21 U.S.C. § 360b(a), and adulterated under section  501(a)(5) of the FD&C Act, 21 U.S.C. § 351(a)(5).

98.     The labeling of defendants' Medicinal Mushroom Blend leads reasonably prudent consumers into believing that the product can treat, mitigate, or cure cancer, diabetes, tumors, hemangiosarcoma, and infection, which are diseases recognized by the Food and Drug Administration ("FDA").

99.     Defendants' marketing described herein demonstrate that the Medicinal Mushroom Blend is marketed and intended to be used as a drug to treat, mitigate, cure, or prevent diseases such as cancer.

100.    These claims alone and in combination with each other unlawfully represent that Dogs Naturally's Medicinal Mushroom Blend is a drug.

101.    Because Dogs Naturally's Medicinal Mushroom Blend has not been approved as a new drug, it is an unlawful and misbranded unapproved new animal drug.

102.    As a result of these false, misleading, and unlawful claims, customers and potential customers purchase the Medicinal Mushroom product instead of Mercola's product.  Plaintiff Mercola has been injured by Dogs Naturally's and Scott's statements because consumers believe that Dogs Naturally's Medicinal Mushroom product cures various diseases, symptoms of diseases and disease states, including cancer, tumors, diabetes, and infections, when in fact it does not.

**Dana Scott Has Disregarded Corporate Formalities and Uses Dogs Naturally Magazine as a Conduit for Her Individual Gain**

103.    Dana Scott is the chief executive officer of Dogs Naturally Magazine LLC.

104.    Ms. Scott is the only person appearing in the YouTube video, "Mushrooms for Dogs:  You're Getting Ripped Off."

105.    Ms. Scott is listed as the sole author of the article "Are Your Dog's Mushrooms Real Or FAKE?  (& How To Tell The Difference)."

106.    All of these false and misleading statements made by Scott were made with the purpose and intent of disparaging plaintiff.  They were further made with the purpose and intent of influencing Mercola's customers not to purchase Mercola's Mushroom Blend but to instead purchase Scott's company's Medicinal Mushroom product.

**Plaintiff Is Being Damaged by Dogs Naturally and Scott's False, Misleading, and Deceptive Advertising**

107.    Defendants made the false and disparaging statements about plaintiff described herein with an intent to cause harm to plaintiff.

108.    As a result of Dogs Naturally's false and misleading advertising and disparaging statements about Mercola's products, Mercola has suffered significant damages.   Mercola has received consumer complaints directly referencing the Dogs Naturally article and stating that customers have lost trust in Mercola.

109.    For example, one customer stated:

Hello, I had purchased Mercola mushroom blend for pets out of trust and faith in Mercola and Dr. Becker's recipe.   However I found a new article addressing the issue with the Mercola mushroom blend I had purchased.   This is written by Dana Scott from Dogs Naturally Magazine.   My faith in the Mercola products has shaken and I will stop using the mushroom blend I purchased, but I would like an explanation about the info below: "This company calls its product a mushroom complex and says it contains a blend of eight mushrooms.   They even say it's a whole food mushroom, which is totally misleading since the whole mushroom isn't even used.   How can you tell?   It's grown on oats, which evidently adds valuable plant beta-glucans.   But those plant beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms … and they don't carry the same cancer-fighting and immune-modulating benefits.   This product is a poser and they shouldn't be able to say it's a mushroom product.   But they do."

110.    Other customers have returned Mercola's product and requested a refund, explicitly stating that the Dogs Naturally article was the impetus for the refund.   For example, one customer stated:

I have been an advocate of Dr. Mercola, having referred hundreds of potential customers and patients (when he was practicing) from very early on and have been a loyal customer for many years, purchasing products both for my family as well as my dogs, which of course we consider family.   I was recently made aware of quality and efficacy issues in the harvesting and production of medicinal mushrooms.   I bring your attention to a recent article in Dogs Naturally Magazine by founder and CEO, Dana Scott, wherein she claims that the vast majority of medicinal mushroom products are actually comprised of mycelium and not the entire mushroom.   Furthermore, she refers to cultivation methods that rely on artificial growth processes where: ***Mushrooms are grown on natural substrates like wood or straw and they're grown in natural light.   They're high in beta-glucans and no more than 5% starch.   Mycelium is grown on grains like oats, rice, or sorghum in little plastic bags … and they're stored in big warehouses to ferment.   The resulting grain and mycelium combination is up to 70% grain by weight because there's no way to separate the wispy mycelium from the grain it's grown on.   Both are dried and ground up into a so-called mushroom product.***   Imagine my shock when I realized that the sample image of a "fake mushroom/mycelium product" (albeit blurred) was of your mushroom complex! I have always believed that when I purchased Mercola products, regardless of whether they were nutritional products for us humans or our dogs, water filtration products, or any of the other many products we have purchased through the years, that they were the best

quality and efficacy we could hope for. If, in fact, what Ms. Scott is claiming is true, I would be remiss in purchasing any additional products from Dr. Mercola's site and would certainly not refer any additional customers. As I'm sure you can appreciate, we only want the best product for our pets and we would never feed them anything we will not willingly feed ourselves. Can you please address my concerns and set the record straight so that I know that I am buying and feeding the best quality product to my dogs. I would caution you not to refer my email or concerns to someone who would receive it lightly and would send back a canned, generic response. I will not respond well to that kind of response. After the many years in support of Dr. Mercola, his research, and his products, I deserve a well thought-out and structured response to my concerns.

111.    Another customer complained about the product and asked for a refund, quoting

the Dogs Naturally's article:

I have an issue with a mercola product I purchased, I had purchased the product "Mushroom blend for cats and dogs" but I came across a[n] article today noting of the issues with the product, I'm becoming very concerned and losing faith in the mercola product, I will stop using it can I get a refund though? This is what was said in the article: "This company calls its product a mushroom complex and says it contains a blend of 8 mushrooms. They even say it's a whole food mushroom, which is totally misleading since the whole mushroom isn't even used. How can you tell? It's grown on oats, which evidently adds valuable plant beta-glucans. But those plant beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms … and they don't carry the same cancer-fighting and immune-modulating benefits. This product is a poser and they shouldn't be able to say it's a mushroom product. But they do." I'm very worried about the quality of product I received Order # O14872483 this was my order number

112.    Even consumers who do not return the product have indicated their confusion

arising out of Dogs Naturally's disparaging statements. For example, one consumer stated:

I received a disturbing email from Dogs Naturally informing me that the Mercola mushroom complex is a "fake" and waste of money. Please tell me that I was misinformed. My first instinct was to return the order I just received. I would like your feedback regarding this product. My main concern is that it does not contain the beta-glucan that it should to be of any help to my dogs. I have lost two of my golden retrievers in the past from cancer and I am currently supplementing my dog's raw food diet with it as a preventative measure. Am I wasting my money? Thank you for taking the time to respond.

113.    Another consumer also indicated his confusion arising out of Dogs Naturally's

article, stating:

I subscrib[e] to Dogs Naturally Magazine and an article just came out about mushrooms for dogs. They actually used Dr. Mercola Mushroom Complex as an example of a Mushroom Complex that you SHOULD NOT give to your dog. Here is what they said about Dr. Mercola Brand Mushrooms:  "This company calls its product a mushroom

complex and says it contains a blend of eight mushrooms. They even say it's a whole food mushroom, which is totally misleading since the whole mushroom isn't even used. How can you tell? It's grown on oats, which evidently adds valuable plant beta-glucans. But those plant beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms … and they don't carry the same cancer-fighting and immune-modulating benefits. This product is a poser and they shouldn't be able to say it's a mushroom product. But they do." I am VERY disappointed to hear this! I buy ALL of my supplements for my dogs from Dr. Mercola since it was a brand I trusted. Now I feel confused.

114. In fact, one customer submitted the following review of Mercola's product on Mercola's Amazon product page, demonstrating further confusion arising out of defendants' false and misleading statement:



115. This sampling of consumer complaints demonstrates that defendants' misleading and deceptive claims lead the public to believe that plaintiff lies to consumers, that plaintiff's product is not made of real mushrooms, and that plaintiff's product is inferior to defendants' product when that is not true.

116. Not only is this evidence of injury, but also it is proof that Dogs Naturally and Scott have succeeded in their intent and effort to have readers of the Dogs Naturally Magazine believe that Mercola is engaged in deceitful conduct against consumers or making false claims about its Mushroom Complex product.

117. Thus, defendants' statements, disseminated through the website and social media, have directly impacted the ability Mercola to sustain and increase its special customer base. The damage being done to Mercola as a result of defendants' false statements is significant and can be measured.

118.     This false and misleading statements are causing direct injury to Mercola because Scott and Dogs Naturally are accusing plaintiff of being "liars" and selling "fake" mushrooms to consumers, which is completely false because plaintiff is truthful to consumers, and Mercola's Mushroom Blend is comprised of real mushrooms.

119.     Further, these statements demonstrate that Mercola lost specific sales as a result of defendants' false, misleading, and deceptive statements.  For example, one customer stated that she "will stop using [Mercola's Mushroom Complex]" as a result of defendants' article.

120.     The statements made by Dogs Naturally were made by, at the direction of, and in concert with, Dogs Naturally's Chief Executive Officer and copywriter, Dana Scott.

121.     In addition, Mercola's business has suffered and revenues have decreased by customers returning the product or re-tweeting the statement.  These returns are a direct result of the wrongful conduct by Dogs Naturally and Scott in publishing knowingly false information. Moreover, Mercola has suffered reputational damage as a result of the false statements.

## CLAIMS FOR RELIEF AND CAUSES OF ACTION

### COUNT I

**False Advertising Under 15 U.S.C. § 1125(a)**

**(Against All Defendants)**

122.     Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

123.     Defendants intentionally and with knowledge have knowingly made in interstate commerce and in this District, advertisements and labels that contain false or misleading statements of fact regarding plaintiff's mushroom product.   These advertisements and labels contain actual and misleading statements including, but not limited to:

   a.     Falsely stating that plaintiff does not use the whole mushroom in Mercola's Mushroom Complex;

   b.     Falsely stating that Mercola's mushrooms are fake;

c.   Falsely stating that Mercola "lies" to consumers;

d.   Falsely stating that Mercola engages in "totally misleading" advertising by representing the Mushroom Complex as a blend of eight mushrooms and a whole food mushroom;

e.   Misleading consumers into believing that Mercola lies to consumers by representing its Mushroom Complex as a blend of eight mushrooms;

f.   Falsely implying that Mercola's Mushroom Complex's "beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms";

g.   Falsely stating expressly or implying that Mercola's Mushroom Complex does not contain health-boosting beta-glucans; and

h.   Falsely implying that Mercola's Mushroom Complex advertises itself as fighting cancer by stating that the Mushroom Complex "do[es]n't carry the same cancer-fighting and immune-modulating benefits" when in fact Mercola does not advertise its product as fighting cancer.

124.   Mercola is not ripping customers off, lying to them, or otherwise making any of the false and misleading representations described above.

125.   Defendants made these false statements on the Dogs Naturally website, YouTube, Twitter, and other social media, which are visited by millions of consumers each month.

126.   Defendants' advertisements deceived, or had the capacity to deceive, consumers.

127.   Defendants' deception had a material effect on consumer purchasing decisions because defendants misrepresented an inherent quality or characteristic of defendants' products.

128.   Defendants made these false representations to discourage customers from buying Mercola's products and to discourage third-party retailers and vendors from doing business with plaintiff.

129.   As a result of the foregoing, plaintiff has been substantially damaged, and defendants' actions have caused, and will continue to cause, harm to plaintiff in the form of lost or diverted sales.

130.    Defendants' false and misleading advertising statements violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

131.    Defendants' wrongful conduct in engaging in their unlawful, unfair, and deceptive practices and activities, unless and until enjoined and restrained by Order of this Court, has and will continue to cause great harm and irreparable injury to plaintiff and plaintiff's businesses in that plaintiff has lost profits, customers, and prospective customers.  Such loss will and is expected to continue if defendants' actions are not enjoined.

132.    Plaintiff is not only entitled to monetary damages, but are also entitled to injunctive and declaratory relief from defendants for their unfair and deceptive acts and practices.

## COUNT II

### False Advertising Under 15 U.S.C. § 1125(a)

### (Against All Defendants)

133.    Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

134.    Defendants intentionally and with knowledge have knowingly made in interstate commerce and in this District, advertisements and labels that contain false or misleading statements of fact regarding defendants' mushroom product.  These advertisements contain actual and misleading statements.

135.    Defendants' false statements to the public include, but are not limited to, the following:

   a.    The product "helps slow the growth of cancer cells";

   b.    The product's ingredients have shown "positive improvements for dogs with hemangiosarcoma," thereby implying that the finished Medicinal Mushroom product will improve hemangiosarcoma in dogs;

   c.    The product's ingredients are "stress reliever[s], boosts immunity and melanin, which can fight against cancer and radiation," thereby implying that the finished

Medicinal Mushroom product relieves dogs' stress and helps dogs fight against cancer and radiation;

d.      The product's ingredients like coryceps are "anti-tumor" and "battle diabetes," thereby implying that the product will reduce or alleviate tumors and cure diabetes;

e.      The product's ingredient Turkey Tail "increases survival times for cancer patients in clinical trials," and it is "useful not just for cancer, but in any health condition where the immune system is compromised," thereby implying that the finished Medicinal Mushroom product increases survival times in dogs with cancer;

f.      The shiitake mushrooms in defendants' product "increase survival times in cancer patients," and contain a compound called lentinan "'which is known for its anti-tumor properties," thereby implying that the finished Medicinal Mushroom product will increase survival times in dogs with cancer and fight or cure tumors;

g.      The product's ingredient maitake mushrooms can "fight cancer and fight infection" thereby implying that the finished Medicinal Mushroom product will fight cancer and infection in dogs; and

h.      The product's ingredient reishi mushrooms can "directly activate immune cells and they also have cancer-fighting properties," thereby implying that the finished Medicinal Mushroom product will fight cancer in dogs.

136.    These statements are false and misleading because defendants' product does not slow the growth of cancer cells; does not improve hemangiosarcoma in dogs; does not relieve dogs' stress or help dogs fight against cancer and radiation; does not cure diabetes; does not increase survival times in dogs with cancer; does not shrink, fight, or cure tumors; and does not fight cancer or infection in dogs.

137.   In addition, defendants' statements about its Medicinal Mushroom Blend lead reasonably prudent consumers into believing that the product can treat, mitigate, or cure cancer, diabetes, tumors, and infections, which are diseases recognized by the FDA.

138.   Defendants' marketing described herein demonstrate that the Medicinal Mushroom Blend is marketed and intended to be used as a drug to treat, mitigate, cure, or prevent diseases such as cancer.

139.   These claims alone and in combination with each other unlawfully represent that Dogs Naturally's Medicinal Mushroom Blend is a drug.

140.   Because Dogs Naturally's Medicinal Mushroom Blend has not been approved as a new drug, it is an unlawful and misbranded unapproved new animal drug.

141.   Defendants, which purport to sell "dietary supplements," have purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its products by failing to disclose, or adequately disclose, to the consumers that the product is actually a drug.  Specifically, defendants' conduct violate the FDC&A and its implementing regulations in the following ways:

      a.   Defendant's deceptive statements, including, but not limited to, the name "Medicinal" Mushroom Blend, that the product and its ingredients will "[s]low the growth of cancer cells," "positive improvements for dogs with hemangiosarcoma," "stress reliever[s], boosts immunity and melanin, which can fight against cancer and radiation," "anti-tumor," "battle diabetes," "increase[s] survival times for cancer patients in clinical trials," and it is "useful not just for cancer, but in any health condition where the immune system is compromised," "increase survival times in cancer patients," "fight cancer and fight infection," and "directly activate immune cells and they also have cancer-fighting properties."  These statements, alone and in context with other labeling claims and packaging graphics, show that defendants' product is intended to diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases,

in violation of Title 21 of the Code of Federal Regulations, § 343(r)(6), which states that if a product is labeled, represented, or promoted for use in the mitigation, treatment, or prevention of disease in animals and/or to affect the structure or function of the body of animals, defendants' product is regarded as a "drug" within the meaning of section 201(g)(1)(B) of the FD&C Act, 21 U.S.C. § 321(g)(1)(B).

b.      Defendants' Medicinal Mushroom product constitutes a new animal drug, as defined by section 201(v) of the FD&C Act, 21 U.S.C. § 321(v), because it is not generally recognized among experts qualified by scientific training and experience to evaluate the safety and effectiveness of animal drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling.

c.      Defendants' Medicinal Mushroom product is not the subject of an approved new animal drug application, conditionally approved new animal drug application, or index listing under sections 512, 571, and 572 of the FD&C Act, 21 U.S.C. §§ 360b, 360ccc, and 360ccc-1.  Therefore, defendants' Medicinal Mushroom product are unsafe within the meaning of section 512(a) of the FD&C Act, 21 U.S.C. § 360b(a), and adulterated under section 501(a)(5) of the FD&C Act, 21 U.S.C. § 351(a)(5).

142.    Defendant's marketing of such falsely labeled substances has the tendency to deceive a substantial segment of the public into believing that they are purchasing a product with different characteristics.  By failing to accurately label the product, defendants have misled consumers into purchasing an unapproved new animal drug.

143.    The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer wishes to find a cure for its dogs' or cats' cancer.

144.    Defendant has introduced its false statements into interstate commerce via marketing and advertising on various websites and via shipment of its product into interstate commerce containing false labeling.

145.    Defendants made these false statements on the Dogs Naturally website, YouTube, Twitter, and other social media, which are visited by millions of consumers each month.

146.    Defendants' advertisements deceived, or had the capacity to deceive, consumers.

147.    Defendants' deception had a material effect on consumer purchasing decisions because defendants misrepresented an inherent quality or characteristic of defendants' products.

148.    Defendants made these false representations to discourage customers from buying Mercola's products and to encourage customers to buy defendants' products.

149.    Mercola's Mushroom Blend product competes directly with defendants' Medicinal Mushroom product.

150.    As a result of defendants' misrepresentations, plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Mercola to defendants and the loss of goodwill in Mercola's product.

151.    Thus, plaintiff has been substantially damaged, and defendants' actions have caused, and will continue to cause, harm to plaintiff in the form of lost or diverted sales.

152.    Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of the products in violation of Section 43(a)(1)(B) of the Lanham Act.  Therefore, defendants' false and misleading advertising statements violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

153.    Defendants' wrongful conduct in engaging in their unlawful, unfair, and deceptive practices and activities, unless and until enjoined and restrained by Order of this Court, has and will continue to cause great harm and irreparable injury to plaintiff and plaintiff's businesses in that plaintiff has lost profits, customers, and prospective customers.  Such loss will and is expected to continue if defendants' actions are not enjoined.

154.     Plaintiff is not only entitled to monetary damages, but are also entitled to injunctive and declaratory relief from defendants for their unfair and deceptive acts and practices.

## COUNT III

**False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act**

155.     Plaintiffs repeat and reallege each and every allegation contained above as if set forth herein.

156.     Defendants have represented, directly or indirectly, expressly or by implication, that:

a.     Defendants' website "dogsnaturally.com," including the article "Are Your Dog's Mushrooms Real Or FAKE?  (& How To Tell The Difference)," is comprised of objective reports;

b.     Defendants' YouTube video is an objective, unbiased report;

c.     The content of defendants' website and YouTube video have been authored by an objective journalist who has conducted independent tests or other independent analysis; and

d.     Objective news reporters have performed independent tests demonstrating the effectiveness of the products featured, including defendants' Medicinal Mushroom product and plaintiff's Mushroom Blend.

157.     In truth and fact:

a.     Defendants' websites are advertisements made to appear as objective, unbiased reports;

b.     Defendants' YouTube video is an advertisement made to appear as an objective, unbiased report; and

c.     The conclusions on the article "Are Your Dog's Mushrooms Real Or FAKE? (& How To Tell The Difference)" and YouTube video are not the conclusions

40

of objective news reporters or third parties and the author of those publications did not conduct objective tests analyzing or demonstrating the effectiveness of the products featured, including defendants' Medicinal Mushroom product and plaintiff's Mushroom Blend.

158.    Defendants have failed to disclose or to disclose adequately to consumers that the content of defendants' website and YouTube video has not been authored by an objective journalist but is in fact an advertisement placed by defendants.

159.    The deception is material because it is likely to influence a consumer's purchasing decision, as consumers wish to prolong their pets' lives, reduce pets' suffering, and cure their dogs' or cats' ailments, including cancer.

160.    Defendant has introduced its false statements into interstate commerce via marketing and advertising on various websites and via shipment of its Medicinal Mushroom product into interstate commerce containing false and misleading advertising and labeling.

161.    Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of the products in violation of Section 43(a)(1)(B) of the Lanham Act.

162.    Mercola's Mushroom Blend product competes directly with defendants' Medicinal Mushroom product.

163.    As a result of defendants' misrepresentations, plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Mercola to defendants and the loss of goodwill in Mercola's product.

## COUNT IV

**Violations of the Florida Deceptive and Unfair Trade Practices Act,
Florida Statutes § 501.201 *et seq.*,**

**(Against All Defendants)**

164.    Plaintiffs repeat and reallege each and every allegation contained above as if set forth herein.

165.    This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. (the "Act").  The purpose of the Act is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

166.    Florida Statute § 501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  The provisions of the Act shall be "construed liberally to promote" the protection of the "consuming public and legitimate business enterprises from those who engage in … deceptive[] or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202.

167.    Plaintiff promotes products to end consumers, including Mercola's Mushroom Complex.

168.    Defendants were, at all times material to the allegations herein, engaged in "trade or commerce" as defined by section 501.203 because they sell products to consumers and advertise on their website and elsewhere online.

169.    Dogs Naturally and Scott have violated § 501.201's prohibition against engaging in unfair and deceptive practices by, *inter alia*, misleading consumers and the public regarding Mercola's and defendants' products.

170.    Dogs Naturally and Scott are deceptive in their practices, including their representation that Mercola's Mushroom Complex does not contain real mushrooms, that mycelium is not a true mushroom product, and that plaintiff's Mushroom Complex does not contain beta-glucan, when, in fact, Mercola's Mushroom Product contains real mushrooms and beta-glucan, and mycelium is a true mushroom product.

171.    Dogs Naturally and Scott are deceptive in their practices, in falsely and deceptively representing that the Dogs Naturally Magazine is an objective, unbiased publication when in reality that is not true.  With respect to the article "Are Your Dog's Mushrooms Real Or FAKE? (& How To Tell The Difference)" specifically, Dogs Naturally and Scott do not inform the public that the disparaging comments are not made by an objective, unbiased author but rather are commercial advertising statements intended to promote defendants' Medicinal Mushroom product and disparage Mercola's Mushroom Blend product.

172.    In addition, Dogs Naturally and Scott are deceptive in their practices in that they have made they have made misleading, unfair, and deceptive statements to the public, including, but not limited to, the following:

a.    Falsely stating that plaintiff does not use the whole mushroom in Mercola's Mushroom Complex;

b.    Falsely stating that Mercola's mushrooms are fake;

c.    Falsely stating that Mercola "lies" to consumers;

d.    Falsely stating that Mercola engages in "totally misleading" advertising by representing the Mushroom Complex as a blend of eight mushrooms and a whole food mushroom;

e.    Misleading consumers into believing that Mercola lies to consumers by representing its Mushroom Complex as a blend of eight mushrooms;

f.    Falsely implying that Mercola's Mushroom Complex's "beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms";

g.    Falsely stating expressly or implying that Mercola's Mushroom Complex does not contain health-boosting beta-glucans; and

h.    Falsely implying that Mercola's Mushroom Complex advertises itself as fighting cancer by stating that the Mushroom Complex "do[es]n't carry the same cancer-fighting and immune-modulating benefits" when in fact Mercola does not advertise its product as fighting cancer.

173.    In addition to the specific conduct listed above, defendants' unfair and deceptive practices mislead consumers about Mercola's Mushroom product, leading consumers to believe that the products are not efficacious or less efficacious than defendants' products.

174.    For the reasons set forth above, defendants engaged in unfair and deceptive practices in violation of Fla. Stat. § 501.201 *et seq.*

175.    Plaintiff has been aggrieved—and continues to be aggrieved—because plaintiff is losing customers as a result of the defendants' false and misleading statements to consumers about Mercola and its products.

176.    Defendants' above-described acts and practices have injured and will likely continue to injure and prejudice the public and consumers in the State of Florida because the public and consumers will be led to believe that plaintiff's Mushroom Blend does not work as advertised, and that plaintiff is deceptive in its business practices when that is not true.

177.    Defendants' conduct caused and continues to cause substantial injury to plaintiff. Plaintiff has suffered injury-in-fact and lost money as a result of defendants' conduct.

178.    The damages suffered by plaintiff are directly and proximately caused by the deceptive, misleading, and unfair business practices of defendants, as more fully described herein.

179.    Pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, plaintiff makes claims for damages, attorneys' fees, and costs.

180.    Defendants' wrongful conduct in engaging in their unlawful, unfair, and deceptive practices and activities, unless and until enjoined and restrained by Order of this Court, has and will continue to cause great harm and irreparable injury to plaintiff and plaintiff's businesses in that plaintiff has lost profits, customers, and prospective customers.  Such loss will and is expected to continue if defendants' actions are not enjoined.

181.    Plaintiff is not only entitled to monetary damages, but is also entitled to injunctive and declaratory relief from defendants for their unfair and deceptive acts and practices.

## COUNT V

### Trade Libel

### (Against All Defendants)

182.    Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

183.    Through its website and through statements on social media, defendants have made false, misleading, and derogatory statements about plaintiff and its products to the public.

184.    Specifically on the Dogs Naturally website, YouTube, Facebook, and Twitter, Dogs Naturally and Dana Scott have publicized and communicated to third parties disparaging and derogatory statements about plaintiff and its products, including, but not limited to, the following:

a.    Falsely stating that plaintiff does not use the whole mushroom in Mercola's Mushroom Complex;

b.    Falsely stating that Mercola's mushrooms are fake;

c.    Falsely stating that Mercola "lies" to consumers;

d.    Falsely stating that Mercola engages in "totally misleading" advertising by representing the Mushroom Complex as a blend of eight mushrooms and a whole food mushroom;

e.    Misleading consumers into believing that Mercola lies to consumers by representing its Mushroom Complex as a blend of eight mushrooms;

f.    Falsely implying that Mercola's Mushroom Complex's "beta-glucans aren't the same type as the special beta-D-glucans found in mushrooms";

g.    Falsely stating expressly or implying that Mercola's Mushroom Complex does not contain health-boosting beta-glucans; and

h.    Falsely implying that Mercola's Mushroom Complex advertises itself as fighting cancer by stating that the Mushroom Complex "do[es]n't carry the same cancer-fighting and immune-modulating benefits" when, in fact, Mercola does not advertise its product as fighting cancer.

45

185.     Defendants knew or had reason to know, and indeed intended, that the false statements would likely reduce in inducing potential customers not to purchase plaintiff's product.

186.     Defendants' falsehoods played a material and substantial part in inducing consumers not to deal with Mercola or purchase Mercola's products.

187.     Defendants made these disparaging and derogatory statements with the intention of injuring plaintiff and causing plaintiff's customers and prospective customers not to want to do business with plaintiff.

188.     As a direct and proximate result of the foregoing, plaintiff has been damaged in an amount to be proven at trial.

<u>**COUNT VI**</u>

**Individual Liability of Defendant Scott**

189.     Plaintiff repeats and realleges each and every allegation contained above as if set forth herein.

190.     Through her roles as Chief Executive Officer and Director of Dogs Naturally, Scott dominates and controls Dogs Naturally.

191.     Scott's domination and control are such that Scott has failed to properly observe or maintain Dogs Naturally's separate corporate identity.  Among other things, Scott has failed to observe corporate formalities, dominated and controlled Dogs Naturally, and used Dogs Naturally as a vehicle for Scott's personal interests.

192.     For example, Scott uses Dogs Naturally Magazine's website, social media channels (such as YouTube, Twitter, and Facebook), and the Dogs Naturally marketplace, to disseminate false and misleading statements about Mercola and Mercola's products.

193.     Scott's domination and control were such that Dogs Naturally is rightfully considered her alter ego.

194.     Scott used Dogs Naturally for the improper purpose of intentionally making false and misleading statements and disparaging plaintiff Mercola, through statements made directly by Scott on a YouTube video, magazine article, and throughout social media.

195.     Scott used Dogs Naturally as a mere sham to accomplish her ulterior purposes of disparaging Mercola and making false and misleading statements about Mercola and Mercola's Mushroom Blend product.

196.     Because of Scott's improper conduct and because of her use of Dogs Naturally to accomplish her ulterior purposes, Dogs Naturally's separate corporate identity should be disregarded.

197.     Scott should be held individually liable for the damages plaintiff has suffered as a result of Dogs Naturally's unlawful conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that the Court:

A.     Enter preliminarily and permanent injunctive relief as follows:

i.     Enjoining defendants from making false and misleading statements about defendants' Medicinal Mushroom product and Mercola's Mushroom Complex;

ii.     Requiring defendants to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of either defendants' products or Mercola's products through corrective advertising; and

iii.     Requiring defendants to file, within ten (10) days from entry of injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which defendants have complied with the terms of the injunction;

B.      Enter judgment in favor of plaintiff and against defendants for the respective counts alleged against them in this complaint;

C.      Award plaintiffs damages, in an amount to be determined at trial;

D.      On the complaint's Fourth Cause of Action, grant plaintiff's declaratory judgment request that the Court issue an order instructing the defendants to take down the false statements it is making about Mercola's Mushroom Complex product;

E.      Award plaintiff its attorneys' fees, litigation expenses, and costs, as provided by law; and

F.      Grant plaintiff such other and further relief to which plaintiff is justly entitled.


## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, plaintiff demands a trial by jury on all issues so triable.


Dated:  May 3, 2019                          Respectfully submitted,
                                             **WHITTEL & MELTON, LLC**
                                             */s/ Jay P. Lechner*
                                             Jay P. Lechner, Esq.
                                             Florida Bar No.: 0504351
                                             11020 Northcliffe Boulevard
                                             Spring Hill, Florida 34608
                                             Telephone: (352)683-2016
                                             Facsimile: (352) 556-4839
                                             Lechnerj@theFLlawfirm.com
                                             Will@theFLlawfirm.com
                                             Pleadings@theFLlawfirm.com
                                             Nichole@theFLlawfirm.com
                                             Pls@theFLlawfirm.com
                                             *Attorneys for Plaintiff*

                                             Todd A. Harrison
                                             Shahin O. Rothermel
                                             *Pro hac* vice forthcoming
                                             VENABLE LLP
                                             600 Massachusetts Avenue, NW
                                             Washington, DC  20001

Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
taharrison@venable.com
sorothermel@venable.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 3, 2019 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system,

<u>*/s/ Jay P. Lechner*</u>
<u>Attorney</u>

49